UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTINE MORICONE,                                    **Civil Action No.**

                Plaintiff,
                                                      **COMPLAINT**

    -against-

R.L. BAXTER BUILDING CORP.,                            **Jury Trial Demanded**
ROBERT BAXTER, and AMANDA BAXTER,

                Defendants.
------------------------------------------------------------X

      Plaintiff Christine Moricone ("Ms. Moricone" or "Plaintiff"), by her attorneys, Frank & Associates, P.C., as and for her Complaint in this action against Defendants R.L. Baxter Building Corporation ("Baxter Corp." or the "Company"), Robert Baxter ("Mr. Baxter"), and Amanda Baxter ("Ms. Baxter") (collectively, "Defendants"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to seek redress for the retaliatory termination which she was unlawfully subjected to within *hours* after she sought legal advice regarding Defendants' unlawful pay practices.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action because this action involves the deprivation of Plaintiff's rights under Title VII pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's claims under the NYSHRL and NYLL pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant RL Baxter Building Corporation is a domestic business corporation doing business in the State of New

York and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PROCEDURAL REQUIREMENTS

4. Prior to the commencement of this action, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff filed this Complaint following her receipt of a Notice of Right to Sue on January 29, 2016.

5. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

6. Plaintiff Christine Moricone is a 55-year-old female resident of the State of New York. Ms. Moricone resides at 178 Belvedere Road, Beacon, NY 12508. At all relevant times, Ms. Moricone was an "employee" of Defendants within the meaning of all applicable statutes.

7. Defendant R.L. Baxter Building Corporation is a New York corporation with a principal place of business at 54 Garden Street, Poughkeepsie, New York 12601. At all relevant times, RL Baxter Building Corporation was an "employer" within the meaning of all applicable statutes.

8. Defendant Robert Baxter is a resident of the State of New York and the owner of Baxter Corp. In his capacity as owner, Mr. Baxter assigned Plaintiff job duties, monitored her performance, and has the authority to hire and fire employees.

9. Defendant Amanda Baxter is a resident of the State of New York and the President of Baxter Corp. In her capacity as President, Ms. Baxter assigned Plaintiff job duties, monitored her performance, and has the authority to hire and fire employees.

## FACTS

10. Plaintiff began working for Baxter Corp. in or around November of 1999.

11. During Plaintiff's fifteen years of employment with Baxter Corp., the Company rapidly and steadily grew in size.

12. Plaintiff was employed as a Property Manager, and her responsibilities included renting apartments and office buildings, renewing leases, collecting rent, negotiating leases, hiring maintenance workers, as well as handling bookkeeping, accounts payable and accounts receivable for various properties.

13. When Plaintiff was first hired by Defendants, she earned $12 per hour.

14. At the time of her termination nearly 16 years later, Plaintiff's salary had only increased to $27 per hour.

15. At the time of Plaintiff's termination in January 2015, immediately after reporting wage violations to the government, Plaintiff was Defendants' only full-time female employee, other than Ms. Baxter herself.

16. Conversely, several of the male employees of Baxter Corp. were provided with greater compensation, both in terms of salary and other benefits, than Plaintiff, despite her seniority and continuous hard work and high-quality performance.

17. On or about July 10, 2013, Ms. Baxter and Plaintiff attended a payroll law seminar, during which she learned that many of Defendants' hiring and payroll procedures failed to comply with the law.

18. Plaintiff promptly emailed Mr. Baxter to inform him what she had learned.

19. Mr. Baxter summarily dismissed the information and ordered Plaintiff to continue to perform her job as previously instructed.

20. A few months later, on or about January 3, 2015, Plaintiff emailed Mr. Baxter again to discuss her recently-expanded workload, and requested additional compensation in light of her

discovery that other similarly situated male employees were being compensated at a higher rate, and that Plaintiff was receiving inferior benefits.

21. Once again, Defendants refused to take any ameliorative action.

22. Having finally had enough of Defendants' disregard of the law, Plaintiff stepped out of Defendants' office called the New York State Department of Labor in order to submit a complaint regarding her disparate treatment in terms of wages and benefits afforded by Defendants based upon her gender and/or sex.

23. Within several hours of returning to the office after this complaint, Mr. Baxter informed Plaintiff that she was being terminated for "**being unhappy**" and "**being on the phone with a labor attorney**."

24. Accordingly, Plaintiff brings this action for declaratory and injunctive relief, as well as monetary damages, to redress the unlawful retaliation committed by Defendants in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the New York Executive Law §§ 290 *et seq.* ("NYSHRL"), and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 215.

25. Defendants' unlawful retaliation was knowing, malicious, willful and wanton, and/or showed a reckless disregard for Plaintiff's federally and state protected rights to be free from retaliation on the basis of her protected activities, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, severe mental anguish, and emotional distress.

## FIRST CAUSE OF ACTION
### Retaliation in Violation of Title VII
### (Against Defendant RL Baxter Building Corporation)

26. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

27. Defendant R.L. Baxter Building Corporation has retaliated against Plaintiff by, *inter alia*, terminating Plaintiff's employment.

28. As a direct and proximate result of Defendant R.L. Baxter Building Corporation's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

29. Defendant R.L. Baxter Building Corporation's unlawful and retaliatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)
### (Against All Defendants)

30. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

31. By the actions described above, *inter alia*, Defendants retaliated against Plaintiff on the basis of her protected activities in violation of the NYSHRL by, *inter alia*, terminating her employment.

32. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled to an award of monetary damages and other relief.

33. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION
**(Aiding and Abetting in Violation of the NYSHRL)**
**(Against Individual Defendants)**

34. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

35. Defendants Robert Baxter and Amanda Baxter directly participated in the retaliatory conduct perpetrated against Plaintiff, including, but not limited to, the termination of Plaintiff's employment.

36. At all relevant times, Defendants Robert Baxter and Amanda Baxter had the ability to control the terms and conditions of Plaintiff's employment, including, but not limited to, the power to terminated Plaintiff's employment.

37. Defendants Robert Baxter and Amanda Baxter knowingly or recklessly aided and abetted the unlawful retaliation against Plaintiff in violation of the NYSHRL, including, but not limited to, the termination of Plaintiff's employment on account of her gender and protected complaints of discrimination against Defendants.

38. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Plaintiff is entitled to an award of damages.

39. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

**FOURTH CAUSE OF ACTION**
**(Retaliation in Violation of NYLL § 215)**
**(Against All Defendants)**

40. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

41. NYLL § 215 provides that it is unlawful to discriminate or retaliate against an employee because such employee has made a complaint that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of the NYLL.

42. Defendants subjected Plaintiff to the adverse employment actions described herein, including, but not limited to, terminating Plaintiff's employment in retaliation for Plaintiff's complaints, including, but not limited to, her report to the New York Board of Labor, of Defendants' conduct that Plaintiff reasonably and in good faith believed to constitute violations of the NYLL.

43. The sections of the NYLL which are implicated by Plaintiff's complaint include, *inter alia*, NYLL §§ [CALL CLIENT TO FIND OUT VIOLATIONS SHE REPORTED].

44. As a direct and proximate result of Defendants' unlawful conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of

monetary, compensatory and punitive damages, and any and all other remedies available under the law, in addition to recovery of all reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.  Declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of New York;

B.  An award of damages, including liquidated damages and/or punitive damages, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages incurred as a result of Defendants' unlawful actions;

C.  An award of damages to be awarded at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

D.  An award of damages to be determined at trial to compensate Plaintiff for physical injuries, emotional distress and/or mental anguish incurred as a result of Defendants' unlawful actions;

E.  An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law;

F.  Such other and further relief as the Court may deem just and proper

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: Farmingdale, New York
April 28, 2016

                      **FRANK & ASSOCIATES, P.C.**

                      *Attorneys for Plaintiff*

By: ___/s/_____
Brian A. Bodansky, Esq.
500 Bi-County Boulevard, #465
Farmingdale, New York 11735
Phone: (631) 756-0400
Fax: (631) 756-0547
bbodansky@laborlaws.com